FILED
MAY 2 2005
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LARRY STEVEN ANDERSON, JR.**, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | JUDGE GRADY |
| | ) | Case No. 05C 2623 |
| v. | ) | |
| **SEARS, ROEBUCK & CO.**, | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

MAGISTRATE JUDGE DENLOW

TO: Lawrence W. Schad
Beeler, Schad & Diamond, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604

PLEASE TAKE NOTICE that on **May 2, 2005**, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Defendant Sears, Roebuck & Co.'s **NOTICE OF REMOVAL**, a copy of which is attached hereto and hereby served upon you.

**SEARS, ROEBUCK & CO.**

By: ______________________
One of Its Attorneys

John F. Gibbons (ARDC # 6190493)
Francis A. Citera (ARDC # 6185263)
Paul J. Ferak (ARDC # 6272208)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
Tel: (312) 456-8400
Fax: (312) 456-8435

Attorneys for Defendant Sears, Roebuck & Co.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 2 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **LARRY STEVEN ANDERSON, JR.,** individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. **05C 2623** |
| | ) | JUDGE GRADY |
| **SEARS, ROEBUCK & CO.,** | ) | |
| Defendant. | ) | MAGISTRATE JUDGE DENLOW |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, Defendant Sears, Roebuck and Co. ("Sears") files this Notice of Removal of the lawsuit titled *Larry Steven Anderson, Jr. v. Sears, Roebuck & Co.*, pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 05 CH 7011 (the "State Court Action"). As grounds for removal, Sears states as follows:

**General Requirements**

1. On April 20, 2005, Plaintiff Larry Steven Anderson, Jr. ("Anderson") filed his Complaint in the State Court Action.

2. Sears is the only Defendant in the State Court Action.

3. The first date upon which Sears received a copy of the Complaint, through service or otherwise, was April 21, 2005.

4. Accordingly, Sears' Notice of Removal is timely filed within the thirty days prescribed in 28 U.S.C. § 1446(b).

5. Attached to this Notice of Removal as Exhibit A are true and correct copies of all process, pleadings, and orders filed in the State Court Action and received by Sears. A true and

correct copy of the Docket Sheet in the State Court Action as of April 29, 2005, is attached hereto as Exhibit B.

6. Venue is proper in this Court because the action is being removed from the Circuit Court of Cook County, Illinois.

7. Sears has filed with the Clerk of the Circuit Court of Cook County, Illinois, and served on all adverse parties, a true and correct copy of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

**Statement of Grounds for Removal**

8. Removal of this putative class action lawsuit is appropriate pursuant to 28 U.S.C. §§ 1332(d) and 1453(b), which were amended and added, respectively, by the recently enacted Class Action Fairness Act of 2005 (the "CAFA"), 109 P.L. 2 (2005). The CAFA was signed into law on February 18, 2005, and applies to any civil action commenced on or after that date. *Id.* § 9. The CAFA provides that a class action may be removed to a district court of the United States in accordance with 28 U.S.C. § 1446 if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and, among other conditions not relevant here, any member of a class of plaintiffs is a citizen of a State different from any defendant. CAFA §§ 4-5; 28 U.S.C. §§ 1332(d), 1453(b).

9. The State Court Action meets all the requirements for removal under the CAFA.

10. First, the Complaint in the State Court Action was filed after the CAFA became effective on February 18, 2005.

11. Second, Plaintiff is a citizen of a different state than Sears. Sears is informed and believes that Plaintiff was, at the time of the filing of the State Court Action, and still is, a citizen of the State of North Carolina. (Ex. A, Compl. ¶ 3.) Sears was, at the time of the filing of the

State Court Action, and still is, incorporated under the laws of the State of New York, having its principal place of business in the State of Illinois. (*Id.* ¶ 4.)

12. Finally, Sears is informed and believes that the matter in controversy exceeds the sum of $5,000,000. Plaintiff's Complaint alleges that since at least 2001, Sears has falsely and misleadingly represented and advertised its extensive line of Craftsman® tools as "Made in USA" in order to induce consumers nationwide to purchase these tools and/or pay more for them. (*Id.* ¶¶ 2, 21-22, 36.) The Complaint purports to allege a national class of "potentially hundreds of thousands of members" who purchased Craftsman® tools from Sears during an unlimited period of time. (*Id.* ¶¶ 38-39.) Plaintiff seeks to recover from Sears either the entire purchase price of these products or the inflated price allegedly paid for them. (*Id.* ¶ 37; Counts I-IV, *ad damnum* (c) and (d).)

13. Based on the number of Craftsman® tools sold in the United States from January 2001 through the filing of the Complaint, and under the theories of liability and measures of damage asserted by Plaintiff in his Complaint, the $5,000,000 threshold for removal has been met. (Ex. C, Mettler Decl. ¶¶ 2-3.) Indeed, even Plaintiff alleges that he believes the amount he seeks to recover from Sears is "in the millions of dollars." (Ex. A, Compl. ¶ 63(a).)

Dated: May 2, 2005.

Respectfully submitted,

Paul Ferak

John F. Gibbons (ARDC # 6190493)
Francis A. Citera (ARDC # 6185263)
Paul J. Ferak (ARDC # 6272208)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
Tel: (312) 456-8400
Fax: (312) 456-8435

Attorneys for Defendant Sears, Roebuck & Co.

EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| LARRY STEVEN ANDERSON, JR., individually and on behalf of all others similarly situated, Plaintiff, | ) | No. 05CH07011 |
| v. | ) | **JURY TRIAL DEMANDED** |
| SEARS, ROEBUCK & CO., Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Larry Steven Anderson, Jr., by his attorneys, brings this action against defendant Sears, Roebuck & Co. ("Sears" or "Defendant"), individually and on behalf of all others similarly situated, and alleges the following upon information and belief based on, *inter alia*, Defendant's advertisements, websites, and other publicly available materials, and an investigation by his counsel, except for those allegations which pertain to Plaintiff and his attorneys, which allegations are based upon personal knowledge:

**NATURE OF ACTION**

1. This class action is brought under the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), 815 ILCS 505/1 et seq., to recover actual damages and disgorgement by Defendant for the economic harm caused by Defendant's misrepresentations as to country of origin and for equitable relief as alleged herein.

2. Defendant Sears is a major marketer and retailer of tools sold under its proprietary Craftsman label. Sears Craftsman tools are nationally marketed, and Sears claims that those tools are made in the United States of America ("Made in USA"). In so doing, Sears is exploiting

consumers' patriotism and desire to employ workers at home, and is representing that the tools are of high quality because they are domestically made. The "Made in USA" claim by Sears regarding Craftsman is misleading to consumers because, in fact, Craftsman tools are not "Made in USA." Craftsman tools marketed by Sears as "Made in USA" contain significant foreign components, making the "Made in USA" claim deceptive.

## THE PARTIES

3. Plaintiff Larry Steven Anderson, Jr. is a citizen of the State of North Carolina. Mr. Anderson has purchased Craftsman tools from Sears.

4. Defendant Sears is a corporation organized and existing under the laws of the State of New York, and maintains its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

5. Sears owns and operates a nationwide chain of retail department stores which sell tools. Sears also owns and operates a chain of hardware stores which sells tools, and sells tools through catalogues, television advertising, and the internet.

## VENUE AND JURISDICTION

6. This Court has jurisdiction because part or all of the alleged wrongful conduct took place in the State of Illinois and defendants have and continue to transact substantial business, including the wrongful conduct alleged herein, in the State of Illinois.

7. Cook County is a proper venue for this action under 735 ILCS 2-101 because it is the county of residence of defendant Sears.

8. The claims of each member of the Class (as defined below) do not exceed seventy-five thousand dollars ($75,000) exclusive of interest and costs.

## SUBSTANTIVE ALLEGATIONS

9. For over seventy years, Sears has sold its Craftsman line of tools to consumers.

10. Craftsman tools are represented by Sears to be made to high quality standards. Sears represents that the tools are made to professional standards and seeks to differentiate them from low quality tools, many of which today are made in foreign countries.

### *Advertising*

11. Sears advertises its line of Craftsman tools as "Made in USA." Craftsman tools are also labeled "Made in USA."

12. An example of such advertising appeared in the April 2002 issue of *Popular Mechanics*. In that ad, a Craftsman tool is pictured under a headline stating:

> MADE IN AMERICA.
> BECAUSE YOU NEED SOMETHING TO
> FIX THE THINGS THAT AREN'T.

13. The September 2004 issue of *Popular Mechanics* contained another Craftsman advertisement. This ad reads:

> CAN YOU NAME 1600 THINGS STILL MADE IN AMERICA? Over 1,600 Craftsman® hand tools are made in the U.S.A. and guaranteed forever. They're also full of Craftsman ingenuity. Take our adjustable Reflex Wrench. Thanks to its reflexing head, you don't have to reposition it after every turn. So check out over 1,600 hand tools and get guarantee details at Sears or Sears Hardware Stores. Or go online at craftsman.com.

14. A similar advertisement ran in the January and November 2001 issues of *Popular Mechanics*. The 2001 ads contain a photograph of Craftsman tools arranged to look like the American flag, with sockets representing stars, and wrenches representing stripes. Under the photograph, it says:

> 1,800 CRAFTSMAN HAND TOOLS.
> MADE IN AMERICA. GUARANTEED FOREVER!

> On the racetrack or in your driveway, the innovative quality and design of Craftsman American made mechanic's hand tools keep getting better so you can work smarter, faster and easier. Wrenches & sockets that grip tight without stripping. Quick-release ratchets that bust open stubborn fasteners even in those hard-to-reach places. Craftsman tools. Quality that has earned a trusted place in America's tool boxes for 70 years.

15. Advertisements for Craftsman appearing in the March 2001 and March 2002 issues of *Popular Mechanics* also make the "Made in USA" claim.

16. The display racks that Craftsman tools are sold from tout "Made in USA" claims.

17. The Craftsman website also claims its tools are "Made in USA". That website contains a vibrant image of the American flag with the words "why Craftsman" superimposed on the flag. Next to the flag is the headline "Why You Made Craftsman #1." Under this heading is a subheading, with unqualified language that reads "Made in the USA." This "Made in USA" subheading links the reader to a new page, also emblazoned with the American Flag, as well as a red, white and blue "Made in USA" symbol above a paragraph that states:

> **Craftsman quality. Made in America.**
> Since 1926, Craftsman has been one of the most respected brands in the world. The quality and dependability of Craftsman tools can be directly attributed to the thousands of American workers who have provided their skills and dedication to the setting, maintaining and expanding the high standards of Craftsman quality.

18. Visitors to the Craftsman home page were originally linked directly from the home page to the page with the emblazoned flag and the "Made in the USA" language (the "Why Craftsman" page) through a red bar at the top of the home page labeled "Why Craftsman". On this original version of the "Why Craftsman" page, the subheading entitled "Made in the USA" was followed by qualifying language indicating that "[o]ver 55,000 Americans, in over 100 towns across the country, work together to produce 80 % of the over 5,100 Craftsman tools." *See* Exhibit A.

19. By early January 2005, *i.e.*, less than one month after the filing of the first lawsuit alleging that Sears' claims were misleading, Sears altered the Craftsman website. The qualifying language under the "Made in the USA" subheading was removed. As a result, the website no longer indicated what percentage of Craftsman tools, if any, were made in the United States. *See* Exhibit B.

20. Yet another change to the website occurred by mid-March 2005. The "Why Craftsman" link contained in the red bar on the Craftsman home page was removed altogether. The home page continues to appear this way today, having no direct link to the "Why Craftsman" page. The "Why Craftsman" page containing the unqualified "Made in the USA" language can still be accessed, however, by clicking on the "Learn more" link at the bottom right corner of the Craftsman home page. *See* Exhibit C.

21. Sears makes claims that its Craftsman tools are "Made in USA" for its own competitive advantage and to exploit consumers' patriotism. Consumers, including Plaintiff and the Class, will pay and have paid more for tools that are "Made in USA," rather than purchasing cheaper tools, based upon their belief that tools "Made in USA" are of higher quality and because of their preference to buy domestically produced goods and support the American economy.

22. Craftsman tools, however, are produced with substantial foreign parts. For example, Sears sold axes labeled "Made in USA." In fact, the forged metal heads of the axes are imported from China. Labeling the axes as "Made in USA" is deceptive because the metal head, the most substantial component of the tool, that which makes it an ax, is in fact of Chinese origin.

23. Sears has sold hoes, axes, mauls, sledge hammers, pitchforks, mattocks, rakes, and tree pruning blades prominently marked as "Made in USA", though the tools are from other countries.

24. For example, Craftsman hoes labeled "Made in USA" and sold by Sears were made also in China. The word "China" is diesunk into the metal, the core part of the tool.

25. Craftsman double-sided axes labeled "Made in USA" and sold by Sears had heads with the word "China" diesunk into them and plastic handles engraved "China." Thus, both parts were not U.S. made despite labeling, which said "Made in USA."

26. Craftsman splitting mauls bearing "Made in USA" stickers sold by Sears were made in Mexico. On the same mauls, the rubber sleeves that wedge between the head and the handle for a snug fit, read "Made in China." The "Made in USA" claim on the stickers was false and misleading.

27. Craftsman sledge hammers sold by Sears also had "Mexico" diesunk on the underside of the metal heads. The rubber sleeves say "Made in China."

28. Craftsman pitchforks labeled "Made in USA" and sold by Sears actually had their metal heads, where the tongs are, marked "Austria." Touting them as "Made in USA" was false and misleading.

29. Craftsman forked hoes having four teeth were sold by Sears and labeled "Made in USA" but had "Austria" diesunk on the metal heads. Clearly, the core parts were made in Austria.

30. Craftsman garden mattocks were labeled "Made in USA" and sold by Sears, although "H.F. India" was diesunk into the metal heads.

31. Craftsman wood-handled metal rakes were sold by Sears bearing "Made in USA" labels, but "China" was diesunk into the metal heads.

32. Craftsman short-handled heavy duty pitch forks, sold by Sears, were labeled "Made in USA", while "Austria" was clearly diesunk into the metal heads.

33. Craftsman tree prune saw blades sold by Sears were labeled "Made in USA", while on the metal heads they were marked "Denmark."

34. Plaintiff purchased Craftsman tools which are sold by Sears as "Made in USA".

35. The laws of this and other states, and federal law, recognize that false statements of origin are misleading and may be actionable. *See, e.g.*, 815 ILCS 510/2(a)(4); 15 U.S.C. § 1125(a)(1). The Federal Trade Commission ("FTC" or "Commission") has publicized its view that such labeling is improper:

> In December 1997, after a comprehensive policy review, the FTC concluded that "Made in USA" advertising and labeling claims must continue to conform to the "all, or virtually all," standard that traditionally has been applied by the Commission. Under this standard, unqualified U.S. origin claims must be substantiated by evidence that a product is "all, or virtually all," made in the United States. In addition, the agency issued an Enforcement Policy Statement outlining the factors the Commission will consider in determining whether a U.S. origin claim is "deceptive." In December 1998, the FTC issued a new business guide: "Complying with the *Made in USA* Standard."

FTC Press Release, *Jore Corporation Agrees to Settle FTC Charges of Making Misleading "Made in USA" Claims*, February 6, 2001.

36. Sears has represented that its line of Craftsman tools are "Made in USA," *i.e.*, that all, or virtually all, of the component parts of the products are made in the United States, and the labor in manufacturing the products is performed in the United States. According to Plaintiff and under the FTC guidelines, these representations were false or misleading because these products were actually made with significant foreign components.

37. Plaintiff seeks equitable relief and actual economic damages on behalf of all Class members, including reimbursement for any and all economic damage sustained as a result of the misrepresentations described above.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this class action pursuant to Fed R. Civ. P. 23 on behalf of himself and all members of the following class (the "Class"):

> All persons and entities throughout the United States who purchased a Craftsman tool from Sears, which tools Sears was and is misleadingly claiming are "Made in USA". Excluded from the Class are Defendant, its subsidiaries, parents, divisions, or affiliates, and its officers and directors.

39. Plaintiff believes that there are potentially hundreds of thousands of members of the Class as described above, though the exact number and the identities of the Class members are currently unknown to Plaintiff.

40. The members of the Class are so numerous that joinder of all Class members is impracticable.

41. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether Sears violated the applicable state consumer fraud acts by committing the deceptive business practices alleged herein;

(b) whether Sears was unjustly enriched by selling tools as "Made in USA" when they were made elsewhere;

(c) whether Sears misrepresented Craftsman tools' country of origin to create the impression they are of high quality and to exploit American consumers' patriotism;

(d) whether the sales and promotional literature, advertisements, website and other information, disseminated to the public by Sears or its agents regarding its Craftsman tools,

misrepresented material facts about the country of origin of those tools by claiming they were "Made in USA";

(e) whether Sears' false representations were intended to create goodwill and garner additional sales for Craftsman tools and for Sears;

(f) whether Sears acted willfully, recklessly or negligently in omitting and/or misrepresenting material facts about the country of origin of Craftsman tools; and

(g) the proper measure of damages to the Class.

42. Plaintiff purchased Craftsman tools marketed by Sears as "Made in USA," and believed they were American-made tools. Sears' blanket claim that Craftsman tools are "Made in USA" is not true.

43. Plaintiff's claims are typical of the claims of the other members of the Class as Plaintiff and all members of the Class sustained damages arising out of Defendant's conduct in violation of the applicable consumer fraud acts, as complained of herein.

44. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained able counsel with extensive experience in class action litigation. The interests of Plaintiff are coincident with and not antagonistic to the interests of the other Class members.

45. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Moreover, because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class

individually to redress the wrongs done to them. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. There will be no difficulty in the management of this action as a class action.

**COUNT I**

**DAMAGES UNDER THE ILLINOIS CONSUMER FRAUD ACT AND/OR THE APPLICABLE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACTS OF OTHER STATES**

47. The preceding allegations are re-alleged and incorporated by reference as if fully set forth herein.

48. Plaintiff and the Class are consumers within the meaning and coverage of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), 815 ILCS 505/1 et seq. Plaintiff and the Class are also consumers within the meaning and coverage of materially and substantially similar consumer fraud and deceptive business practices statutes in other states ("Other State Consumer Fraud Protection Statutes").

49. The Illinois Consumer Fraud Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

50. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud pretense, false promise,

misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

51. Other State Consumer Fraud Protection Statutes have materially and substantially similar provisions to 815 ILCS 505/2.

52. Because of its non-disclosure of material facts alleged above, Sears deceived and continues to deceive Plaintiff and the other members of the Class. Sears' deceptive conduct occurred in the course of its engaging in trade or commence.

53. By advertising and marketing its Craftsman tools in various media including broadcasts, website, and written promotional and other materials, Sears has intentionally attempted to mislead and has misled and continues to mislead consumers as to the country of origin of Craftsman tools as described above. Sears engaged in these deceptive acts and practices in order that Plaintiff and the other members of the Class, in reliance thereof, would purchase Sears' Craftsman tools.

54. The unfair and deceptive trade acts and practices of Sears have directly, foreseeably, and proximately caused damages to Plaintiff and the other members of the Class.

(a) Sears' actions and omissions to act, including the false and misleading express and/or implied representations and omissions of material fact regarding the country of origin of Craftsman tools, constitute acts, uses, or employment by Defendant and its agents of deception, unconscionable commercial practices, false pretenses, false promises, misrepresentations, or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon

such concealment, suppression, or omission, in connection with the sale or advertisement of a product, in violation of the Illinois Consumer Fraud Act, making such deceptive acts and practices illegal.

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the Class, prays for judgment, as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as class representatives under 735 ILCS 5/2-801;

(b) Declaring that Sears has been misleading the members of the Class who purchased Craftsman tools;

(c) Awarding compensatory damages in favor of Plaintiff and the other members of the Class against Sears for the actual damages sustained as a result of the wrongdoings of Defendant, together with interest thereon;

(d) Requiring Sears to disgorge any benefits obtained by it as a result of its conduct described herein;

(e) Enjoining Sears from continuing the illegal activities alleged herein;

(f) Awarding Plaintiff and the other members of the Class punitive damages against Sears for its misleading, exploitive, unconscionable, and deceitful conduct;

(g) Awarding Plaintiff and the other members of the Class reasonable attorneys' fees and experts' fees and the costs of this action together with all interest allowed by law in connection with the benefits obtained for the Class; and

(h) Granting such other and further relief as this Court deems just and proper.

## COUNT II

## INJUNCTIVE RELIEF UNDER THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT AND/OR THE APPLICABLE DECEPTIVE TRADE PRACTICES ACTS OF OTHER STATES

55. The preceding allegations are re-alleged and incorporated by reference as if fully set forth herein.

56. Plaintiff seeks injunctive relief under the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

57. The Illinois Deceptive Trade Practices Act provides that:

58. A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:

> * * *
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; [or]
>
> * * *
>
> (4) uses deceptive representations or designations of geographic origin in connection with goods or services[.]

815 ILCS 510/2(a)(2) and (4).

59. Other State Deceptive Trade Practices Acts have materially and substantially similar provisions to 815 ILCS 510/2.

60. Because of its non-disclosure of material facts alleged above, Sears deceived and continues to deceive Plaintiff and the other members of the Class. Sears' deceptive conduct occurred in the course of its engaging in trade or commence.

61. By advertising and marketing its Craftsman tools in various media including broadcasts, website, and written promotional and other materials, Sears has intentionally and willfully attempted to mislead and has misled and continues to mislead consumers as to the country of origin of Craftsman tools as described above. Sears engaged in these deceptive acts and practices in order that Plaintiff and the other members of the Class, in reliance thereof, would purchase Sears' Craftsman tools.

62. The unfair and deceptive trade acts and practices of Sears have directly, foreseeably, and proximately caused damages to Plaintiff and the other members of the Class.

(a) Sears' actions and omissions to act, including the false and misleading express and/or implied representations and omissions of material fact regarding the country of origin of Craftsman tools causes a likelihood of confusion or of misunderstanding as to the source of its Craftsman tools and constitutes the use of deceptive representations or designations of geographic origin in connection with its Craftsman tools in violation of the Illinois Deceptive Trade Practices Act, making such deceptive acts and practices illegal.

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the Class, prays for judgment, as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as class representatives under 735 ILCS 5/2-801;

(b) Declaring that Sears has been misleading the members of the Class who purchased Craftsman tools;

(c) Awarding compensatory damages in favor of Plaintiff and the other members of the Class against Sears for the actual damages sustained as a result of the wrongdoings of Defendant, together with interest thereon;

(d) Requiring Sears to disgorge any benefits obtained by it as a result of its conduct described herein;

(e) Enjoining Sears from continuing the illegal activities alleged herein;

(f) Awarding Plaintiff and the other members of the Class punitive damages against Sears for its misleading, exploitive, unconscionable, and deceitful conduct;

(g) Awarding Plaintiff and the other members of the Class reasonable attorneys' fees and experts' fees and the costs of this action together with all interest allowed by law in connection with the benefits obtained for the Class; and

(h) Granting such other and further relief as this Court deems just and proper.

**COUNT III**

**UNJUST ENRICHMENT**

63. The preceding allegations are realleged and incorporated by reference as if fully set forth herein.

(a) By virtue of the foregoing, Sears has been unjustly enriched to the extent that it has inequitably and unlawfully received a monetary benefit from selling Craftsman tools to Plaintiff and the other members of the Class. The total amount by which Sears has been unjustly enriched has not been ascertained at this time and will be proven at trial, but such damages are believed to be in the millions of dollars.

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the Class, prays for judgment, as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as class representatives under 735 ILCS 5/2-801;

(b) Declaring that Sears has been misleading the members of the Class who purchased Craftsman tools;

(c) Awarding compensatory damages in favor of Plaintiff and the other members of the Class against Sears for the actual damages sustained as a result of the wrongdoings of Defendant, together with interest thereon;

(d) Requiring Sears to disgorge any benefits obtained by it as a result of its conduct described herein;

(e) Enjoining Sears from continuing the illegal activities alleged herein;

(f) Awarding Plaintiff and the other members of the Class punitive damages against Sears for its misleading, exploitive, unconscionable, and deceitful conduct;

(g) Awarding Plaintiff and the other members of the Class reasonable attorneys' fees and experts' fees and the costs of this action together with all interest allowed by law in connection with the benefits obtained for the Class; and

(h) Granting such other and further relief as this Court deems just and proper.

**COUNT IV**

**EQUITABLE RELIEF**

64. The preceding allegations are realleged and incorporated by reference as if fully set forth herein.

65. Plaintiff and the other members of the Class seek the following equitable relief:

(a) That a judicial determination and declaration be made of the rights of Plaintiff and the Class and the corresponding responsibilities of Defendant;

(b) That Defendant be declared financially responsible for the costs and expenses of providing restitution and refunds to Plaintiff and the other members of the Class;

(c) That Defendant be ordered to give adequate descriptions of the country of origin of Craftsman tools, and that it be stopped and enjoined from making blanket claims that Craftsman tools are Made in USA; and

(d) That Sears be ordered to disgorge, for the benefit of the Class, its ill-gotten profits and to make full restitution to Plaintiff and the other members of the Class.

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the Class, prays for judgment, as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as class representatives under 735 ILCS 5/2-801;

(b) Declaring that Sears has been misleading the members of the Class who purchased Craftsman tools;

(c) Awarding compensatory damages in favor of Plaintiff and the other members of the Class against Sears for the actual damages sustained as a result of the wrongdoings of Defendant, together with interest thereon;

(d) Requiring Sears to disgorge any benefits obtained by it as a result of its conduct described herein;

(e) Enjoining Sears from continuing the illegal activities alleged herein;

(f) Awarding Plaintiff and the other members of the Class punitive damages against Sears for its misleading, exploitive, unconscionable, and deceitful conduct;

(g) Awarding Plaintiff and the other members of the Class reasonable attorneys' fees and experts' fees and the costs of this action together with all interest allowed by law in connection with the benefits obtained for the Class; and

(h) Granting such other and further relief as this Court deems just and proper.

**JURY DEMANDED**

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 20, 2005

By: Lawrence W. Schad

Lawrence W. Schad
BEELER, SCHAD & DIAMOND, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
Telephone: 312-939-6280
Facsimile: 312-939-4661

***Attorney for Plaintiff***

# EXHIBIT B

Dorothy Brown

**Clerk of the Circuit Court**

Cook County

Case Information Summary for Case Number
2005-CH-07011

Filing Date: 4/20/2005
Division: Chancery Division
Ad Damnum: $0.00

Case Type: GENERAL CHANCERY
District: First Municipal

**Party Information**

| Plaintiff(s) | Attorney(s) |
|---|---|
| ANDERSON JR LARRY S | BEELER SCHAD & DIAMOND<br>332 S MICH #1000<br>CHICAGO IL, 60604<br>(312) 939-6280 |

| Date of Service | Defendant(s) | Attorney(s) |
|---|---|---|
| | SEARS | |
| | ROEBUCK CO | |

**Case Activity**

Activity Date: 4/20/2005 Participant: ANDERSON JR LARRY S

GENERAL CHANCERY FILED

Court Fee: 274.00 Attorney: BEELER SCHAD & DIAMOND

Activity Date: 4/20/2005 Participant: ANDERSON JR LARRY S

CASE SET ON CASE MANAGEMENT CALL

Court Date: 9/2/2005
Court Time: 0930
Court Room: 2305

Judge: SIEBEL RICHARD A.
Attorney: BEELER SCHAD & DIAMOND

Activity Date: 4/28/2005 Participant: ANDERSON JR LARRY S

MOTION SCHEDULED (MOTION COUNTER ONLY)

Court Date: 5/5/2005
Court Time: 1000

Attorney: MILLER FAUCHER CHERTOW

Activity Date: 4/28/2005

Participant: ANDERSON JR LARRY S

***CONSOLIDATE(SET FOR MOTION HEARING)

Court Date: 5/5/2005
Court Time: 1000

Attorney: MILLER FAUCHER CHERTOW

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.

Return to Search Page

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY STEVEN ANDERSON, JR.,** individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| **SEARS, ROEBUCK & CO.,** | ) | |
| Defendant. | ) | |

**DECLARATION OF MARK METTLER**

I, Mark Mettler, under penalty of perjury, declare that I am over eighteen years of age, and, if called to testify in the above-referenced proceeding, could competently testify to the following facts:

1. I am the Division Merchandise Manager -- Tools -- of Sears, Roebuck and Co. ("Sears"), which I understand is a defendant in a lawsuit titled *Larry Steven Anderson, Jr. v. Sears, Roebuck & Co.*, pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 05 CH 7011 (the "State Court Action"). I have been employed by Sears for more than eleven years. I am submitting this Declaration in support of Sears' Notice of Removal being filed in this Court.

2. I understand that Plaintiff in the State Court Action seeks to recover from Sears either the entire purchase price of the Craftsman® tools sold in the United States from at least January 2001 to the filing of the Complaint or the inflated price allegedly paid for these products.

3. Based on the number of Craftsman® tools sold in the United States from January 2001 through the filing of the Complaint, and under the theories of liability and

measures of damage asserted by Plaintiff in his Complaint, the $5,000,000 threshold for removal has been met.

The undersigned certifies, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the statements set forth herein are true and correct.

Executed on May 2, 2005

Mark Mettler
Division Merchandise Manager -- Tools
Sears, Roebuck and Co.

## CERTIFICATE OF SERVICE

I, Paul J. Ferak, an attorney, hereby certify that I caused a copy of Defendant Sears, Roebuck & Co.'s **NOTICE OF FILING and NOTICE OF REMOVAL** to be served upon the party listed below via facsimile and U.S. Mail, postage pre-paid, on May 2, 2005:

Lawrence W. Schad
Beeler, Schad & Diamond, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604

Paul J. Ferak