**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE SEARS, ROEBUCK & CO.          )
TOOLS MARKETING AND SALES           )     MDL-1703
PRACTICES LITIGATION                )     No. 05 C 4742
                                    )
----------------------------------
                                    )
CHARLES CHATHAM et al.,             )
individually and on behalf of all   )
others similarly situated,          )
                                    )
            Plaintiffs,             )
                                    )
            v.                      )     No. 05 C 2623
                                    )
SEARS, ROEBUCK & CO.,               )
                                    )
            Defendant.              )

<u>**MEMORANDUM OPINION**</u>

Before the court is defendant's motion to dismiss plaintiffs' unjust enrichment claims brought pursuant to Illinois law in Count IV of the Second Amended Consolidated Class Action Complaint filed in <u>Chatham v. Sears, Roebuck & Co.</u>, 05 C 2623.  For the reasons explained below, the motion is granted.

<u>**BACKGROUND**</u>

In this putative class action, plaintiffs, who are citizens of several different states, claim that defendant Sears, Roebuck & Company ("Sears") deceptively advertised its proprietary line of "Craftsman" tools as manufactured exclusively in the United States ("Made in USA") when in fact many of the tools are foreign-made or

contain significant foreign parts.

Plaintiffs' current complaint is titled "Second Amended Consolidated Class Action Complaint." In our Pretrial Order Number 6 of July 31, 2006, we dismissed Counts I and II of the complaint (which alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Deceptive Trade Practices Act) with prejudice as to all plaintiffs except William Beanblossom and John S. Bertrand. We dismissed Beanblossom and Bertrand's claims without prejudice for failure to allege fraud with particularity. (Since then, Bertrand voluntarily dismissed his claims; thus, Beanblossom is the only remaining Illinois plaintiff.) We also dismissed Count VII, the Magnuson-Moss claim, with prejudice as to all plaintiffs. And as to certain plaintiffs, we dismissed Count III, which is alleged in the alternative to Counts I and II and in which plaintiffs seek damages and/or injunctive relief under the consumer fraud and deceptive trade practices of all fifty states and the District of Columbia.

Other claims asserted by plaintiffs are Count IV, an unjust enrichment claim, and Count VI, a claim for "equitable relief."[1] As to Count IV, we stated in our previous order: "It appears to the court that the claim most likely to involve an amount of money sufficient to support federal diversity jurisdiction in this case, either on an individual or a class basis, is plaintiffs' claim for

---

[1] The complaint does not contain a Count V.

unjust enrichment . . . . Defendant believes that there is no basis for the unjust enrichment claim, and a briefing of the issues regarding Count IV will be the next item of business in the litigation." (Pretrial Order Number 6 at 5.)  We gave Sears leave to file a motion to dismiss Count IV and set a briefing schedule, instructing the parties to focus on the issues of what state's law applies to the unjust enrichment claims and whether a nexus must exist between the injury sustained by a plaintiff and the amount of recoverable disgorgement of defendant's profits.  The motion to dismiss is now fully briefed.

## DISCUSSION

### A.  Choice of Law

Our first inquiry is the choice-of-law question--which state's (or states') law applies to plaintiffs' unjust enrichment claims. The parties do not agree on this issue.  Even though plaintiffs are citizens of several different states, they all contend that Illinois law applies to their claims (evidently because they are seeking certification of a nationwide class).[2]  Defendant, on the other hand, contends that the claims are governed by the laws of the various states where each plaintiff saw the advertising and

---

[2/]  In the alternative, plaintiffs contend that the unjust enrichment laws of their home states or the states where they purchased Craftsman tools apply. (Second Amended Consolidated Class Action Complaint ¶ 125.)

purchased his or her tools.[3]

The parties do agree that because Illinois is the forum state of this diversity case, we must consult the choice-of-law rules of Illinois to determine which state's substantive law applies. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); GATX Leasing Corp. v. National Union Fire Ins. Co., 64 F.3d 1112, 1114 (7th Cir. 1995). The Illinois Supreme Court uses the "most significant relationship" test for choosing the appropriate law in tort cases.[4] The Seventh Circuit has stated:

---

[3] We refer to these states for convenience as plaintiffs' "home states," even though at least one of the plaintiffs purchased some of her tools in a state where she does not reside.

Plaintiffs suggest that it is not necessary to engage in a choice-of-law analysis (implying that we should simply apply Illinois law) because the unjust enrichment laws of the fifty states are "substantially identical." (Pls.' Opp'n to Def.'s Mot. at 10.) We are unpersuaded. Plaintiffs attach an exhibit that purports to be a fifty-state survey of unjust enrichment. However, it is merely a list of one-sentence statements of the elements of unjust enrichment drawn from a single case from each state. Plaintiffs do not engage in any sort of analysis of the nuances of unjust enrichment law or what must actually be proved in each state. It is clear just from our review of Illinois law that unjust enrichment is a tricky type of claim that can have varying interpretations even by courts within the same state, let alone amongst the fifty states. As discussed in Clay v. American Tobacco Co., 188 F.R.D. 483, 501 (S.D. Ill. 1999) (citations omitted): "[V]ariances exist in state common laws of unjust enrichment. The actual definition of 'unjust enrichment' varies from state to state. Some states do not specify the misconduct necessary to proceed, while others require that the misconduct include dishonesty or fraud. Other states only allow a claim of unjust enrichment when no adequate legal remedy exists. Many states, but not all, permit an equitable defense of unclean hands. Those states that permit a defense of unclean hands vary significantly in the requirements necessary to establish the defense."

[4] We recognize that Count IV is an unjust enrichment claim, not a tort claim. It is, however, an unjust enrichment claim that sounds in tort; it is based on alleged wrongful conduct, fraud. Under Illinois law, there are three distinct prongs of unjust enrichment: (1) where a benefit should have been given to plaintiff, but a third party mistakenly gave it to defendant instead; (2) where the defendant procured the benefit through some type of wrongful conduct; and (3) where plaintiff had a better claim to the benefit than the defendant for some other reason. See HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 679 (Ill. 1989). Plaintiffs rely on the second prong. It makes more sense, therefore, to use tort terminology in the choice-of-law analysis.

The parties devote considerable attention to which section of the

The Illinois Supreme Court uses the "most significant
relationship" test for choosing the appropriate law in
tort cases.  In practice, this means that "the law of the
place of injury controls unless Illinois has a more
significant relationship with the occurrence and with the
parties."  A court is to determine whether Illinois has
the more significant relationship by examining the
following factors: (1) the place of the injury, (2) the
place where the injury-causing conduct occurred, (3) the
domicile of the parties, and (4) the place where the
relationship between the parties is centered.  The
Illinois courts also consider "the interests and public
policies of potentially concerned states . . . as they
relate to the transaction in issue."

Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 503-04 (7th Cir.

1998) (citing Esser v. McIntyre, 661 N.E. 2d 1138, 1141 (Ill. 1996)

and Jones v. State Farm Mut. Auto. Ins. Co., 682 N.E.2d 238, 249

(Ill. App. Ct. 1997)).

The place of the injury here (or, in unjust enrichment terms,

the place where plaintiffs allegedly "conferred" the benefit on

defendant) is the plaintiffs' home states where they purchased

Sears's tools.  The place where the parties' relationship is

centered is the plaintiffs' home states as well.  Plaintiffs saw

the allegedly misleading advertising in those states, and they

---

Restatement (Second) of Conflict of Laws has the greatest application to this
case--§ 6 or § 221--which is not worth belaboring.  Comment a to § 221 states
explicitly that that section "applies to claims, which are based neither on
contract nor on tort, to recover for unjust enrichment."  Plaintiffs' claim is
an unjust enrichment claim that is based on tort.  Thus, § 221 does not apply.
But in any event, its substance is largely the same as the tort choice-of-law
analysis outlined infra.  For example, one of the elements of the choice-of-law
analysis set forth in § 221 is "the place where the act conferring the benefit
or enrichment was done," which is the same as "the place of the injury."  Under
both analyses, we examine the domicile of the parties and the place where the
relationship between the parties was centered.  And as for § 6, which sets forth
general principles of choice of law, we analyze the primary choice-of-law factors
set forth in Illinois case law in the context of the underlying principles set
forth in § 6.

purchased the tools (which were located there) in those states as
well.  Plaintiffs contend that the relationship is centered in
Illinois because plaintiffs purchased the tools "by virtue of"
Sears's nationwide advertisements, which were conceived of and sent
from Illinois.  (Pls.' Opp'n to Def.'s Mot. at 10.)  This
characterization rings hollow.  The relationship arose from
plaintiffs' purchases of Craftsman tools, which occurred in
plaintiffs' home states.[5]  Cf. First Wisconsin Trust Co. v.
Schroud, 916 F.2d 394, 399 (7th Cir. 1990) (where unjust enrichment
claim arose from the purchase of property in Indiana, relationship
between the parties was centered in Indiana).

The "domicile of the parties" factor adds little to the mix;
it is a wash.  The plaintiffs are domiciled in their respective
home states, and Sears, though not an Illinois corporation, is
headquartered in Illinois.  The last factor--the place where the
injury-causing conduct occurred--seems to favor Illinois because
that is where Sears is headquartered and where its advertising
decision-making takes place.

Thus, for the unjust enrichment claims, the parties and
underlying occurrences have more significant contacts with
plaintiffs' home states than with Illinois.  The most important
factors in this case are the place of injury and the center of the

_____

[5]  As mentioned supra note 3, the only exception is plaintiff Janett
Foster, who is a citizen of Indiana but purchased tools in both Indiana and
Kentucky.

parties' relationship, and both of those factors point to the plaintiffs' home states.  Plaintiffs argue that, considering underlying choice-of-law policies, Illinois has a interest in "controlling the acts" of its corporate citizens.  This may be true, but the plaintiffs' home states also have an interest in regulating business conduct that takes place within their borders. In addition, those states also have an interest in preventing and remedying unjust enrichment that occurs at the expense of their citizens.

After considering all of the relevant factors and the underlying choice-of-law principles, we conclude that the laws of each of the plaintiffs' home states apply to their unjust enrichment claims.[6]  Accordingly, the non-Illinois plaintiffs' unjust enrichment claims in Count IV that are brought "under the unjust enrichment laws of the state of Illinois" are dismissed with prejudice.  The unjust enrichment claims that are brought under the unjust enrichment laws of the non-Illinois plaintiffs' home states or the states where they purchased their Craftsman tools survive.

## B.  Plaintiff Beanblossom's Unjust Enrichment Claim

As noted supra, William Beanblossom is the only remaining Illinois plaintiff.  Therefore, his unjust enrichment claim is the only one to which Illinois law applies.  Sears moves to dismiss the

---

[6]  Thus, we need not address defendant's argument that application of Illinois law to the unjust enrichment claims would violate the Commerce Clause of the United States Constitution and the interests of comity.

claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Sears maintains that Beanblossom's unjust enrichment claim fails because it is equitable in nature and plaintiff fails to allege that he has no adequate remedy at law. It is well settled that a party cannot seek equitable relief when he has an adequate legal remedy. See, e.g., Crowley v. Golden Rule Ins. Co., 519 N.E.2d 1191, 1192 (Ill. App. Ct. 1988). Unjust enrichment, however, is a legal claim. See Partipilo v. Hallman, 510 N.E.2d 8, 11 (Ill. App. Ct. 1987); Burns Philp Food, Inc. v. Cavalea Cont'l Freight, Inc., 135 F.3d 526, 527-28 (7th Cir. 1998). Its significant equitable aspects[7] have led to numerous confusing statements in case law that it is equitable in nature, but it is essentially an action at law. Burns, 135 F.3d at 528.

Sears asserts that Beanblossom "cannot state an unjust enrichment claim grounded in quasi-contract because there is a 'real' contract that governs his relationship with Sears." (Def.'s Mem. in Support of Mot. at 9.) This argument is neither here nor there because plaintiffs' unjust enrichment claims are obviously not grounded in quasi-contract. Rather, as discussed supra note 4, they are grounded in tort--fraud, to be specific.[8]

---

[7]/ These equitable aspects are not implicated here because plaintiff's claim is based in tort and monetary recovery is sought.

[8]/ Sears also contends in its reply brief that Beanblossom's claim is doomed by Shaw v. Hyatt International Corp., 461 F.3d 899 (7th Cir. 2006), in which the Court of Appeals held that the plaintiff's consumer fraud and unjust enrichment claims failed because what plaintiff called "deception" or "consumer fraud"--charging more than the agreed-upon price for a hotel room--was simply

Even if Beanblossom's claim is grounded in tort, Sears argues, it must be dismissed because he fails to state an independent claim for consumer fraud, common-law fraud, duress, or undue influence. Plaintiffs respond that they are not required to state a separate claim in order to state an unjust enrichment claim. Both plaintiffs and defendant cite cases that seem to support each of their positions.

We have engaged in an exhaustive review of the sometimes-bewildering realm of Illinois unjust enrichment law, and our conclusions are as follows. It is often expressed that in order to state an unjust enrichment claim under Illinois law, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 679 (Ill. 1989). The law regarding whether a plaintiff must also show wrongdoing is initially confusing because there are decisions that go both ways. Compare, e.g., Stathis v. Geldermann, Inc., 692 N.E.2d 798, 811 (Ill. App. Ct. 1998) ("A cause of action based upon unjust enrichment does not

---

Hyatt's failure to fulfill its contractual obligations. 461 F.3d at 901-02. The Court stated that a "deceptive act or practice" involves more than the mere fact that a defendant promises to do something and then fails to do it. Id. at 901. Shaw is distinguishable from the facts of the instant case. Plaintiffs complain that Sears induced them to buy Craftsman tools by misrepresenting the country of origin of the tools, not simply that Sears made a false promise of future conduct.

require fault or illegality on the part of defendants.") <u>with</u> <u>Alliance Acceptance Co. v. Yale Ins. Agency, Inc.</u>, 648 N.E.2d 971, 977 (Ill. App. Ct. 1995) (recovery for unjust enrichment permitted only when there is "unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence"). However, as is pointed out in an excellent Illinois Bar Journal article concerning the Illinois law of unjust enrichment, there is a way to reconcile the case law. <u>See</u> Ronald M. Lepinskas, <u>Unjust Enrichment Claims in Illinois: Applying a Venerable Doctrine to Modern Disputes</u>, 91 Ill. B.J. 514, 517 (2003). We have explained <u>supra</u> note 4 that there are three prongs of unjust enrichment: a benefit mistakenly conferred, a benefit procured through wrongful conduct, and a benefit to which plaintiff has a better claim than the defendant for some other reason. Courts have not required proof of wrongful conduct where the factual allegations fall within the "mistakenly conferred" or "better claim" prongs, but they have required such proof of when the allegations fall within the "wrongful conduct" prong. So, while it is correct to say that unjust enrichment is its own claim that does not necessarily require the existence of an underlying claim, or a particular underlying claim, it is also correct to say that when a plaintiff brings an unjust enrichment claim that is based on wrongful conduct, plaintiff must plead and prove that conduct. <u>See</u> <u>Alliance</u>, 648 N.E.2d at 977; <u>Bober v. Glaxo Wellcome PLC</u>, 246 F.3d 934, 943 (7th Cir. 2001).

Here, plaintiffs allege in Count IV that "Sears has been unjustly enriched by virtue of its false, misleading advertising of Craftsman products." (Second Amended Consolidated Class Action Complaint ¶ 128.) The "unlawful or improper conduct as defined by law," Alliance, 648 N.E.2d at 977, is fraudulent misrepresentation. Fraudulent conduct consists of a knowing misrepresentation made with the intent to deceive the plaintiff. See People v. L & M Liquors, Inc., 345 N.E.2d 817, 820 (Ill. App. Ct. 1976).

Federal Rule of Civil Procedure 9(b) provides that in "all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." In our Order of July 31, 2006, we dismissed Beanblossom's statutory fraud claims in the Second Amended Consolidated Class Action Complaint for failure to allege fraud with particularity because Beanblossom fails to allege where he saw the advertisements on which he based his belief that Craftsman tools were made in the United States. (He alleges broadly that he "heard advertisements for Craftsman products on the radio and saw advertisements for Craftsman products in magazines, newspapers, and on displays and banners in a Sears store," Second Amended Consolidated Class Action Complaint ¶ 8.) We indicated that we would entertain a motion to file a third amended complaint, but Beanblossom has never presented such a motion. Therefore, there is no allegation of the requisite fraudulent conduct, and the unjust enrichment claim must also be dismissed. Like the dismissal

of his statutory fraud claims, the dismissal of Beanblossom's unjust enrichment claim will be without prejudice.

## C.  **Disgorgement of Profits**

We asked the parties to brief the issue of whether, under Illinois law, a nexus must exist between the injury sustained by a plaintiff and the amount of recoverable disgorgement of defendant's profits.  In view of our dismissal of all of the unjust enrichment claims brought pursuant to Illinois law, we need not address this issue at this juncture.

### CONCLUSION

Defendant's motion to dismiss plaintiffs' unjust enrichment claims brought pursuant to Illinois law in Count IV of the Second Amended Consolidated Class Action Complaint filed in <u>Chatham v. Sears, Roebuck & Co.</u>, 05 C 2623, is granted.  The non-Illinois plaintiffs' unjust enrichment claims in Count IV that are brought "under the unjust enrichment laws of the state of Illinois" are dismissed with prejudice.  Plaintiff William Beanblossom's unjust enrichment claim is dismissed without prejudice.

A status hearing is set for January 10, 2007, at 11:30 a.m. to discuss the next steps in this litigation.

DATE:     December 18, 2006


ENTER:    _____
          John F. Grady, United States District Judge