**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**


IN RE SEARS, ROEBUCK & CO.         )
TOOLS MARKETING AND SALES          )     MDL-1703
PRACTICES LITIGATION               )     No. 05 C 4742
                                   )
-----------------------------------
                                   )
LARRY STEVEN ANDERSON, JR., et al.,)
individually and on behalf of all  )
others similarly situated,         )
                                   )
                 Plaintiff,        )
                                   )
                 v.                )     No. 05 C 2623
                                   )
SEARS, ROEBUCK & CO.,              )
                                   )
                 Defendant.        )


**MEMORANDUM OPINION**

Before the court is plaintiffs' renewed motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 58(d). For the reasons discussed below, the motion is denied.

In this multidistrict litigation ("MDL"), plaintiffs claim that defendant Sears, Roebuck & Company ("Sears") deceptively advertised its line of "Craftsman" tools as manufactured in the United States when in fact many of the tools are foreign-made or contain significant foreign parts. At one time, the instant case, 05 C 2623, which has been called both Anderson and Chatham, had more than twenty named plaintiffs. We denied plaintiffs' motion for certification of a nationwide class and an undefined set of

classes or subclasses under the laws of seven states, and we dismissed the claims of several plaintiffs. By mid-2009, only two plaintiffs remained: Stephen Jolley, a Pennsylvania citizen; and Curtis Oates, an Indiana citizen. In October 2009, we denied their motions for certification of Pennsylvania and Indiana classes. Jolley and Oates subsequently reached a settlement with Sears, and by agreement of the parties, we entered an order on August 16, 2010 dismissing those two plaintiffs' claims with prejudice.[1]

It is plaintiffs' position that the order dismissing Jolley's and Oates's claims with prejudice was not a final order subject to immediate appeal. They ask us to enter a final judgment order now so that they may pursue an appeal.[2] Sears, on the other hand, contends that after we dismissed Jolley's and Oates's claims, nothing remained for decision in the case. According to Sears, we have no authority to enter the order plaintiffs seek because although we did not set out a judgment in a separate document under Rule 58 along with the August 2010 dismissal order, that order became a final judgment 150 days later, on January 13, 2011, by the operation of the Rule.

Under Federal Rule of Civil Procedure 54(a), a "judgment"

---

[1] The order was dated August 12, 2010 but was not transmitted electronically to the Court's Electronic Case Filing ("ECF") system until August 16, 2010. Pursuant to our district's General Order 09-014 (on Electronic Case Filing) § V(A), the electronic transmission of an order to ECF constitutes filing and entry in the civil docket pursuant to Federal Rules of Civil Procedure 58 and 79.

[2] The instant motion is a "renewed" motion; plaintiffs' original motion is discussed below.

includes "a decree and any order from which an appeal lies."  With
some exceptions not applicable here, "[e]very judgment and amended
judgment must be set out in a separate document."  Fed. R. Civ. P.
58(a).  When a separate document is required for a judgment, the
judgment is treated as entered when it is entered in the civil
docket and the earlier of two events occurs: it is set out in a
separate document or 150 days have run from the entry in the civil
docket.  Fed. R. Civ. P. 58(c)(2); see also Perry v. Sheet Metal
Workers' Local No. 73 Pension Fund, 585 F.3d 358, 361-62 (7th Cir.
2009); TDK Elecs. Corp. v. Draiman, 321 F.3d 677, 679-80 (7th Cir.
2003) ("[O]nce the judge has resolved the case, even if by an order
that does not satisfy the rules, and 150 days have lapsed, the
decision is treated *as if* final even though formally defective.").
"The test of finality is whether the district judge has finished
with the case."  Shapo v. Engle, 463 F.3d 641, 643 (7th Cir. 2006);
see also Morales v. Bezy, 499 F.3d 668, 671 (7th Cir. 2007)
("Nothing in the . . . proceeding remained for decision by the
district court; the court was through with it, which is the meaning
of finality for purposes of determining appealability.").

Did we consider this case finished upon entering the August
16, 2010 dismissal order?  Yes.  The order disposed of all
remaining claims; after Jolley's and Oates's claims were dismissed
(with prejudice), no other named plaintiffs were left.  We had done
all we intended to do and could do with the case, so we should have

entered a separate judgment on the AO 450 judgment form.[3]   We
neglected to do so, but by the operation of Rule 58(c), the
dismissal order became a final judgment on January 13, 2011, 150
days after it was entered.  Plaintiffs' time for filing an appeal
expired 30 days thereafter, on February 12, 2011.  Fed. R. App. P.
4(a)(1)(A).

Plaintiffs contend that the August 2010 dismissal order was
not a final decision because the court has been "busy resolving
numerous issues in this case," and they cite a number of subsequent
docket entries.  They make much of the fact that we set a status
hearing in this case for September 22, 2010.  (Pls.' Reply at 6
("If the Court thought that a final judgment had been entered, then
there would have been no reason for the Court to set a status in
this case more than 30 days after the dismissal of Jolley's and
Oates' claims.").)  We set that status hearing with the intent of
ascertaining plaintiffs' next steps in the other cases pending in
the MDL.[4]  We also anticipated that if plaintiffs were going to
file an appeal in this case, they would have done so by that point.
The minute entry setting the status hearing should not have been

---

[3]/   On August 26 and 27, 2010, we entered a series of minute orders in this
case that were purely for housekeeping purposes; they resolved a number of
motions that still appeared on the docket as pending yet had either been ruled
upon or mooted. These ministerial tasks did not render our dismissal order non-
final.  See, e.g., In re A.G. Fin. Serv. Ctr., Inc., 395 F.3d 410, 413 (7th Cir.
2005).

[4]/   At the beginning of the September 2010 status hearing, the court
stated: "What I would like to find out today is just where we are on this "case,"
in quotes.  I guess we are talking about these cases." (Tr. of Hrg. of Sept. 22,
2010 at 2.)

entered on this docket, but on the general MDL docket. Admittedly, the dockets in the cases comprising this MDL have been intertwined. Documents that should have been filed in one case, or in the general case, have been filed in the wrong case at various times; we and the parties share the blame. But the tangled dockets do not change two dispositive facts. First, we were finished with *this* case in August 2010 when we entered the order dismissing Jolley's and Oates's claims with prejudice. At the September 2010 status hearing, plaintiffs' counsel appeared to take that position as well. (Tr. of Hrg. of Sept. 22, 2010 at 2 ("[I]t's plaintiffs' view that there are three cases that remain--well, they all remain here, but three that have not had dispositive rulings of a sort, and that would be <u>Greenfield</u>, <u>Hutson</u>, and <u>Tidwell</u>.").)[5] Second, the pendency of other cases in the MDL did not change the finality of our order in this case. At the September hearing, we asked plaintiffs' counsel, Mr. Barnow, whether there was an appeal pending of our denial(s) of class certification. The following exchange ensued:

> MR. BARNOW: No, there is not. . . . Because we don't view the process as having been finalized because [other] cases [in the MDL] were pending. Of course, Sears had a big advantage in that regard to the extent that the MDL was continuing.
>
> THE COURT: Because the MDL is regarded as a case for that purpose. Is that true?

---

[5]/ <u>Hutson</u> and <u>Tidwell</u> were subsequently voluntarily dismissed by the plaintiffs, and only <u>Greenfield</u> remains pending.

MR. BARNOW: I don't know the answer. I think cases that
are here may well be. But it's not inconceivable that
certain things can be concluded here. Other cases could
go back. And then the cases that were concluded here on
the class certification issue could go up [on appeal] at
that time. . . .

(Tr. of Hrg. of Sept. 22, 2012 at 8.) It appears that plaintiffs'
counsel was saying that he did not know whether each case in this
MDL retained its separate identity for purposes of appeal. But the
answer was and is easily ascertainable from Seventh Circuit case
law, cited by Sears. Where cases have been transferred into an MDL
pursuant to 28 U.S.C. § 1407 and an order of the Judicial Panel on
Multidistrict Litigation "for coordinated or consolidated pretrial
proceedings," each case retains its separate identity, and a final
order disposing of all the claims in one of the cases is an
appealable judgment. Brown v. United States, 976 F.2d 1104, 1107
(7th Cir. 1992); see also EEOC v. Harris Chernin, Inc., 10 F.3d
1286, 1289 (7th Cir. 1993) ("[W]here it is clear that the actions
have been consolidated for only limited purposes, a decision
disposing of all the claims (and parties) in only one of the
actions is a final decision subject to immediate appeal."). The
Seventh Circuit explained in Brown:

Ordinarily a judgment disposing of fewer than all of the
claims or parties in a case is not an appealable final
decision absent an express determination pursuant to
Federal Rule of Civil Procedure 54(b). Is such a
determination required when two or more cases have been
consolidated, or do the cases retain their separate
identities so that a final decision in one is immediately
appealable?
Fortunately, our cases provide answers. Where cases

have been consolidated for all purposes, they become a
single judicial unit for purposes of Rule 54(b), and
accordingly a judgment that does not dispose of all
claims of all parties is not appealable unless the
district court makes the findings required by Rule 54(b).
On the other hand, where it is clear that cases have been
consolidated for only limited purposes, a decision
disposing of all the claims in only one of the cases is
a final decision subject to immediate appeal. Things get
more complicated in the gray area between these two
scenarios--where the extent of consolidation is unclear.
In that situation, . . . , we have treated the cases as
fully consolidated and declined to exercise jurisdiction,
provided the cases involve closely related issues and
could have been brought as a single action.

    The case at hand does not fall in the gray area,
because the extent of consolidation is clear. Under the
order of the Judicial Panel on Multidistrict Litigation
as well as 28 U.S.C. § 1407, the transfer of the numerous
cases in MDL 644 was "for coordinated or consolidated
pretrial proceedings." Since the consolidation was for
pretrial proceedings only, the tax refund case retains
its separate identity. While the district court did not
dispose of all the claims in MDL 644, it did render a
final judgment in Brown's tax case, and that judgment is
appealable notwithstanding the lack of a Rule 54(b)
determination.

976 F.2d at 1107 (citations omitted). Here, as in Brown, the

Judicial Panel on Multidistrict Litigation entered an order

consolidating this case with the others "for coordinated or

consolidated pretrial proceedings." (Def.'s Mem. in Opp'n to Pls.'

Renewed Mot., Ex. 1, Transfer Order of August 16, 2005.) The

pendency of Greenfield, Hutson, and Tidwell therefore did not

prevent the dismissal order in this case from becoming final and

appealable. Plaintiffs maintain that a "single appeal in these MDL

proceedings is desirable," Pls.' Reply at 5, but their desire

cannot overcome the law.

Furthermore, we do not agree with plaintiffs' unsupported assertion that the additional docket activity in this case after the August 2010 dismissal order and the September 2010 status hearing "changed any possible finality" of the August 2010 dismissal order. (Pls.' Reply at 4-5 n.2.) Our docket entries were made in response to the parties' motions. In December 2010, Sears filed a motion to permanently enjoin members of the uncertified putative classes in this proceeding from seeking to certify a class or classes to pursue claims based on or related to the claims underlying our denial of class certification. That motion was denied without prejudice as premature, and Sears then filed another injunction motion on January 14, 2011, which was briefed. The motion probably should have been filed on the general MDL docket because it was directed at more than just the plaintiffs in this case; it sought relief as to the Greenfield and Santamarina plaintiffs as well. Still, plaintiffs cite no authority for the proposition that its pendency on this docket somehow halted the Rule 58(c) 150-day clock. Sears's injunction motion was not anticipated at the time we entered the dismissal order in August 2010, and it did not implicate plaintiffs' claims, which had been dismissed with prejudice.

Subsequently, on April 1, 2011 (after their time for appeal had expired), plaintiffs filed their original motion for "entry of final judgment . . . or, in the alternative, for clarification of

whether the court wishes to delay entry of final judgment and time to appeal pending the resolution or transfer of the Greenfield action." (A loaded question; plaintiffs assumed that a final judgment had not yet been entered.) We granted the motion as to the request for "clarification" and denied it as to the request for entry of final judgment, indicating that we expressed no opinion at the time regarding whether plaintiffs had missed their time to appeal. We noted that depending how we ruled on Sears's injunction motion, plaintiffs might come in at that point and renew their request. After we denied the injunction motion and denied Greenfield's motion for class certification, plaintiffs filed the instant motion. Both the original motion and the renewed motion for entry of final judgment were filed well after plaintiffs' time to appeal had expired. We have no authority to "reopen" this case and enter a final judgment.

## CONCLUSION

Plaintiffs' renewed motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 58(d) [405] is denied.


DATE:     August 14, 2012


ENTER:     _____

John F. Grady, United States District Judge